**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

JOSÉ W. LÓPEZ-ALAMO AND GLADYS V. LÓPEZ-ALAMO,

**Plaintiffs,**

v.

IGLESIA CRISTIANA, INC. ET AL,

**Defendants.**

**CIV. NO. 26-1075 (RAM)**

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court are Defendant Metro Avanti Properties, Inc.'s ("Metro Avanti") *Motion to Strike Exhibits 38-1 and 38-2* ("*Motion to Strike*") and *Motion to Dismiss*, and the Puerto Rico Highway and Transportation Authority's (PRHTA) *Motion to Dismiss*. (Docket Nos. 41-43). For the reasons set forth below, the Court **DENIES** Metro Avanti's *Motion to Dismiss* and *Motion to Strike* and **GRANTS** *PRHTA's Motion to Dismiss*.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs José W. López-Alamo and Gladys V. López-Alamo ("Plaintiffs") filed their original *Complaint* against Metro Avanti and PRHTA on February 12, 2026, and subsequently filed their operative *Amended Complaint*, on April 28, 2026. (Docket Nos. 1 and 38). Per the allegations of the *Amended Complaint*, Plaintiffs own a plot of land in Guaynabo that is landlocked (the "Property").

(Docket No. 38). This plot of land was once commonly owned with Defendants' land *circa* the 1890s. Id. ¶ 18. This land was first subdivided in the late 1800s or early 1900s, with the original owner's widow and their children subdividing the plot among themselves. Id. ¶ 19. To access their land, the children used an internal road called the "Camino Real." Id. ¶ 20. The land has been subdivided several times since then, resulting in the land becoming landlocked without a right-of-way to the Property. Id. ¶¶ 21-29. Specifically, at some time before 1959, one of the heirs, Mr. Sixto Juan Rodríguez-Meléndez, registered his plots of land (Plot A and Plot B). Id. ¶ 21. Then, on February 9, 1959, Sixto conveyed via lease agreement to a Mr. Ruperto Rodríguez-Rosado to use both plots for commercial purposes, and the Camino Real facilitated access to the land. Id. ¶ 22. Plaintiffs aver that the historically used and recognized Camino Real was, and remains, the only way to access the Property, and today this rural route is a dirt road connecting State Road 837 to their landlocked Property. Id. ¶ 3.

Plaintiffs claim that Defendants Municipality of Guaynabo (the "Municipality") and/or Metro Avanti obstructed this road in 2010 with concrete barriers. Id. ¶¶ 2, 33. The barriers have since been removed but there remains dense vegetation resulting in an impassable barrier and the inability to use the Camino Real. Id.

¶¶ 2, 33. Defendant Metro Avanti has refused to allow Plaintiffs to use the Camino Real since 2010, while Defendant Municipality represented that it "did not oppose the reopening of the road constituting the easement." Id ¶¶ 34-35. Regarding PRHTA, Plaintiffs aver that the only reason Plaintiffs included PRHTA in the *Amended Complaint* was in the event that their requested relief would impact PRHTA's adjoining properties or planned projects. Id. ¶ 17. Accordingly, Plaintiffs seek a (1) declaratory judgment recognizing a right-of-way easement to access their landlocked Property in Guaynabo; (2) a permanent injunction ordering Defendants to refrain from hindering, preventing, or obstructing Plaintiffs' use of the easement; and (3) damages. Id.

On May 26, 2026, Defendant Metro Avanti filed a *Motion to Strike* and *Motion to Dismiss the Amended Complaint* and PRHTA filed a *Motion to Dismiss*. (Docket Nos. 41-43). On July 6, 2026, Plaintiffs filed a *Response in Opposition to the Motion to Strike* ("*Opposition to the Motion to Strike*") and a *Response in Opposition to the Motion to Dismiss* ("*Opposition to the Motion to Dismiss*"). (Docket Nos. 50 and 51). Plaintiffs did not file an opposition to PRHTA's *Motion to Dismiss*.

In Metro Avanti's *Motion to Dismiss*, it argues that Plaintiffs' *Amended Complaint* fails to adequately allege that the Property and Metro Avanti's were ever part of the same chain of

title and that a common owner established the apparent sign. (Docket No. 42 at 8-12). It also avers that the last two elements of Plaintiffs' Article 477 claim were not fully pled. Id. Metro Avanti further avers that Defendants' knowledge is irrelevant to the Article 477 claim and that the damages claim fails because it is derivative of the defective easement claims. Id. Metro Avanti further invoked what they argue in their *Motion to Strike*: that Plaintiffs' exhibits of prior court proceedings have no effect on the instant case. Id. at 11.

In Plaintiffs' *Opposition to the Motion to Dismiss*, they aver that they have adequately pled two theories: Article 477 easement by apparent sign and Article 500 right of way from neighboring plots. (Docket No. 50 at 2). Plaintiffs further argue that Metro Avanti relies on records that do not go back in time far enough to determine when there was a common owner, namely during the period of 1890 to 1940, with the alleged easement being created in 1918. Id at 3-4. Lastly, Plaintiffs aver that their damages claim survives as an independent tort action, even if their property law claims are denied. Id. at 5.

In Metro Avanti's *Motion to Strike*, it avers that Plaintiffs' two exhibits at Docket Nos. 38-1 and 38-2 as well as any associated reference to them (*e.g.*, Docket No. 38 ¶¶ 26-27) should be stricken because: their use as *res judicata* or substantive right fails as

a matter of law; they are immaterial to an Article 477 claim; and Metro Avanti was not a party to the prior proceedings and is prejudiced by use of the exhibits. (Docket No. 41 at 4-8).

In Plaintiffs' *Opposition to the Motion to Strike*, they aver that the two exhibits are relevant to their claims under Article 500 and for damages. (Docket No. 49 at 2-6). Plaintiffs further aver that the exhibits are not being put forward for their claim preclusive effect, nor are they prejudicial, as they are offered only as factual support for their claims. Id.

In PRHTA's *Motion to Dismiss*, it avers that it should not be included in the instant proceedings because it has no interest in the outcome of the litigation and the Plaintiffs have no claim against it because their property is not impacted by the case's resolution. (Docket No. 43 at 5-8).

## II. APPLICABLE LAW

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), "[t]he sole inquiry . . . is whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintiffs, the complaint states a claim for which relief can be granted." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 7 (1st Cir. 2011). The Court must first "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Schatz v. Republican

State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citations omitted). Then, the Court takes "the complaint's well-pled (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor," to determine "if they plausibly narrate a claim for relief." Id.

Rule 12 of the Federal Rules of Civil Procedure allows a court to strike from a pleading any "insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike must be made either before responding to the pleading or, if a responsive pleading is not allowed, within twenty-one (21) days after service of the pleading. Fed. R. Civ. P. 12(f)(2). Separately, Rule 12(f)(1) authorizes the Court, on its own initiative, to strike redundant, immaterial, impertinent, or scandalous matter from a pleading. Fed. R. Civ. P. 12(f)(1). Accordingly, courts have recognized that, even where a motion to strike is filed outside the twenty-one-day period prescribed by Rule 12(f)(2), the Court retains the authority to strike improper matter pursuant to Rule 12(f)(1). *See, e.g.*, Williams v. Jader Fuel Co., 944 F.2d 1388, 1399 (8th Cir. 1991) (collecting cases).

Although motions to strike are generally disfavored, the Court possesses considerable discretion in resolving such a motion. Alvarado-Morales v. Digital Equip. Corp., 843 F.2d 613,

618 (1st Cir. 1988) (citations omitted); *see also* Boreri v. Fiat S.P.A., 763 F.2d 17, 23 (1st Cir. 1985); Judicial Watch, Inc. v. U.S. Dep't of Commerce, 224 F.R.D. 261, 263 (D.D.C. 2004). A motion to strike should be granted where the pleading has "no possible relation to the controversy." *See* Veranda Assocs., L.P. v. Hooper, 496 F. App'x 455, 458 (5th Cir. 2012) (quoting Augustus v. Bd. of Pub. Instruction, 306 F.2d 862, 868 (5th Cir. 1962)).

## III. DISCUSSION

### A. Defendant Metro Avanti's Motion to Dismiss is Denied.

#### 1. Plaintiff adequately alleges an Article 477 Claim.

The Supreme Court of Puerto Rico has established that Article 477 of the 1930 Civil Code[1] has the following elements: (1) common ownership of dominant and servient plots; (2) creation of an apparent sign by either the owner who sold to a third party or by the common owner after subdividing the property; (3) conveyance of one of the plots to a third party; and (4) the conveyance is done without removing the apparent sign before executing the new deed or negating the easement in the deed. Rodríguez v. Suárez, 71 P.R.R. 681, 685 (P.R. 1950) (citing P.R. Laws Ann. Tit. 31, § 1655)

[1] The 1930 statute applies here because the alleged wrongful conduct arose in 2010, 10 years prior to the enactment of the 2020 Puerto Rico Civil Code. In any event, Article 477 is substantially the same in both the 1930 Civil Code and 2020 Civil Code.

(1930 version).[2] Easements by apparent sign are those that are "visible in a continuous manner as a result of exterior signs which reveal their use." Soc. de Gananciales v. Mun. de Aguada, 144 D.P.R. 114, 123 (1997). "The apparent sign consists of the externalization or evident expression of a visible fact that reveals a relationship of service in a specific aspect between two (2) properties, and which is established by the owner of both properties." Id. at 125 (internal citations omitted). The sign must be "apparent, indisputable and permanent; not variable, uncertain or accidental." Id. The "exterior appearance" should be so noticeable that it is "equivalent to registration in the Property Registry ... even though the existence of the easement is not in the Property Registry." Id. at 126 (internal citations omitted).

Plaintiffs have successfully alleged a claim under Article 477 of the Civil Code of 1930. Plaintiffs stated that the Property and the adjoining properties of the Defendants in Guaynabo were originally under a common owner, Mr. Demetrio Rodríguez and his wife Gregoria Melendez, and were later subdivided with the Camino

[2] The full text of the applicable 1930 statute reads: "The existence of an apparent sign of easement between two properties, established by the owner of both, shall be considered, if one is alienated, as title for the easement to continue actively and passively, unless, at the time of separating the ownership of the two properties, the contrary is stated in the title is conveyance of either of them, or that sign is made to disappear before the granting of the deed." P.R. Laws Ann. Tit. 31, § 1655.

Real used to reach the landlocked parcels, satisfying elements one and two of Article 477. (Docket No. 38 ¶¶ 18-21). The land was conveyed to a third party (the children), also part of the original subdivision, for the first time in the early 1900s when Mr. Demetrio Rodríguez died, without the Camino Real being removed or hidden, satisfying elements three and four. Id. Eventually, in 1997, Metro Avanti purchased its plot of land that borders Plaintiffs' and this property was allegedly part of the original commonly owned land burdened by the Camino Real. Id. ¶¶ 28-30. Sometime around 2010, the Camino Real was blocked by barriers erected by either Metro Avanti or Municipality, and those barriers eventually were removed; though impassable vegetation remained. Id. ¶ 33.

The Camino Real continues to be visible today despite having not been used for some time due to the barrier and resultant vegetation, and is thus continuous and apparent, and has been there since "time immemorial." *See* Soc. de Gananciales, 144 D.P.R. at 133. The land was subdivided over a hundred years ago between the heirs of Mr. Demetrio Rodríguez, and Mrs. Gregoria Meléndez, and then the Camino Real was created so that those heirs could access their portions of the property, satisfying Article 477. (Docket No. 38 ¶¶ 19-20). At some time before 1959, one of the heirs, Mr. Rodríguez-Meléndez, leased his plots to an individual for

commercial use, and this also would satisfy the final two elements of Article 477. Id. ¶ 21.

Metro Avanti's comparison of the instant case to Soc. de Gananciales v. Mun. of Aguada, 144 D.P.R. 114 (1997) is inapt. In Soc. de Gananciales, the Puerto Rico Supreme Court ruled that the easement did not qualify under Article 477 of the Civil Code because it did not meet the first requirement that "the two properties had to have been established by the owner of both." Id. at 131. Here, on the other hand, Plaintiffs meet the first requirement under Article 477 because they adequately alleged that the Property and the Defendants' properties were once owned as a 140-acre plot by Mr. Demetrio Rodríguez and later subdivided. (Docket No. 38 ¶¶ 19-20). The Camino Real has also been continuously in use since that subdivision. Id.

Thus, taking all well-pled facts to be true, as the Court must at this stage of the proceedings, Plaintiffs make out a claim for relief under Article 477.

**2. Other Claims**

Metro Avanti's other arguments regarding Plaintiffs' Article 500 claim do not result in dismissal of the action because Plaintiffs have successfully made out a claim under Article 477. That fact notwithstanding, Plaintiffs have not adequately pled an Article 500 claim, as they only mention that they *would* pursue it

if the Court were to deny relief and provide no other mention of it in the *Amended Complaint*. *See* Higgins v. New Balance Athletic Shoe, Inc., 194 F.3d 252, 260 (1st Cir. 1999) ("The district court is free to disregard arguments that are not adequately developed."); (Docket No. 38 ¶ 50). Thus, the Article 500 claim is **DISMISSED WITHOUT PREJUDICE.**

Regarding the Plaintiffs' damages claim, such a claim under Puerto Rico law requires a duty, a negligent act, causation, and damages. Vazquez-Filippetti v. Banco Popular de Puerto Rico, 504 F.3d 43, 49 (1st Cir. 2007) (citing P.R. Laws Ann. Tit. 31, § 5141). Plaintiffs have adequately alleged a negligence claim under Puerto Rico tort law: Purposeful closure by neighboring property holders Municipality or Metro Avanti of the Camino Real (act, duty) and the resultant inability to use or alienate Plaintiffs' landlocked property (causation, damages). The damages claim thus remains.

Accordingly, Metro Avanti's *Motion to Dismiss* is **DENIED.**

**B. Defendant Metro Avanti's Motion to Strike is Denied.**

Plaintiffs' Exhibits at Docket Nos. 38-1 and 38-2 have some "possible relation to the controversy." Veranda Assocs., L.P, 496 F. App'x at 458. Plaintiffs' Exhibit at Docket No. 38-1, a 1969 opinion as to a provisional right of way on Plaintiffs' land, is, according to Plaintiffs, not offered for their Article 477 claim,

but rather their Article 500 claim and damages claim. (Docket No. 49 at 4). Regarding Plaintiffs' Exhibit at Docket No. 38-2, a 1993 consent order giving Plaintiffs some access and improvement rights over part of the properties at issue, Plaintiffs aver that they offer this to support their claim that the Property is landlocked and the only way to access it was and is through the Camino Real. Id. at 4-5. Plaintiffs further aver that these exhibits are offered to support Plaintiffs' factual averments in the *Amended Complaint*, like that the Camino Real has been a known path through their property for over one hundred years. Id.

Because Plaintiffs have not adequately pled their Article 500 claim and disavow that the Exhibit at Docket No. 38-1 is offered for their Article 477 claim, the Court considers the Exhibit at Docket No. 38-1 as to Plaintiffs' damages claim. Plaintiffs explain that the 1969 opinion provides relevant background information that the Camino Real has been there "since time immemorial" and is the "only way they have to reach their properties." Regardless, neither Exhibit tends to show that Metro Avanti had any knowledge of Plaintiffs' easement as required for the damages claim, because Metro Avanti was not a party to either proceeding. P.R. Laws Ann. Tit. 31, § 3343; Baez-Cruz v. Municipality of Comerio, 140 F.3d 24, 30 (1st Cir. 1998) (quoting Futura Dev. Corp. v. Centex Corp., 761 F.2d 33, 43 (1st Cir. 1985) ("Identity of parties and interest

is required so that a party's rights and obligations will not be determined without their knowledge or an opportunity for participation.”)).

But because the challenged material will only be stricken where it contains an “insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter,” or where the challenged material has “no possible relation” to the controversy, the Court rules that these do have a “possible relation” to the controversy, namely that they tend to evince Plaintiffs’ assertions that the Camino Real has burdened the Property and Defendants’ adjoining properties since the properties were one commonly-owned plot. Fed. R. Civ. P. 12(f); Veranda Assocs., L.P, 496 F. App’x at 458.

Accordingly, Defendant Metro Avanti’s Motion to Strike is **DENIED.**

**C. Defendant PRHTA’s Motion to Dismiss is Granted.**

Plaintiffs in their *Amended Complaint* included Defendant PRHTA “in case it is impacted by Plaintiffs’ request for the recognition and reestablishment of their right-of-way easement through the neighboring properties.” (Docket No. 38 ¶ 17). The Plaintiffs also state that if PRHTA “does not have any planned projects or roads that would be harmed by the right-of-way easement, their participation would not be necessary.” Id.

Because Plaintiffs allege no cognizable legal claims against PRHTA, and PRHTA is not a necessary or indispensable party to the litigation, the Court hereby rules that any claims as against PRHTA are hereby **DISMISSED WITHOUT PREJUDICE**. Frese v. Formella, 53 F.4th 1, 5-6 (1st Cir. 2022) (cleaned up).

## IV. **CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendant Metro Avanti's *Motion to Strike* at Docket No. 41 and Metro Avanti's *Motion to Dismiss* at Docket No. 42. The Court **GRANTS** Defendant PHRTA's *Motion to Dismiss* at Docket No. 43.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of November 2026.

s/ Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE